# The St. Louis, Alton & Terre Haute Railroad Company

*v.*

## Elisha Linder *et al.*

1. FENCING RAILROADS—*liability in case of negligence.* Where a railroad company fails to fence its track as required by law, or has erected an insufficient fence, or failed to maintain a fence, it is liable for all damages resulting from such omission of duty, and this without any reference to the manner in which its engines may have been controlled.

2. But, where cattle get upon the track at a point where the company is not bound to fence, or where others are bound to erect and maintain the fence, and stray along the track and are killed by a train at a place where the company was bound to fence and had not done so, the company is not liable, since the injury, in such case, would have no connection with the failure to fence the road at the place where the animals were killed.

3. Where stock gets upon the track at a place where others than the company are bound to erect and maintain the fence, and is killed at that place or another, the company is liable only in case of gross negligence.

4. PARTIES—*who may sue for injury to stock.* A man must be the owner of property before he can recover for injury it has sustained. And, where several persons sue, if any portion of the property belongs to other persons than the plaintiffs, or if any portion of it belongs to either of them individually, they cannot recover for it. Where several sue for injury to property belonging to them jointly, they can recover only for such property as they prove so belonged to them.

WRIT OF ERROR to the Circuit Court of Coles County; the Hon. OLIVER L. DAVIS, Judge, presiding.

This was an action brought in the court below by Elisha Linder and Daniel W. Linder, against the St. Louis, Alton and Terre Haute Railroad company, to recover the value of a lot of stock belonging to the plaintiffs, which had got upon the track of the railroad and were run over and killed by one of the company's trains. The questions presented arise upon instructions given and refused by the court below, and which appear in the opinion of the court.

The jury returned a verdict for the plaintiffs, and assessed their damages at $365.50, and judgment was rendered accord-

28—39TH ILL.

ingly. The defendant brings the cause to this court upon writ of error.

Messrs. WILEY & PARKER, for the plaintiff in error.

Messrs. HENRY, READ & STEELE, for the defendants in error.

Mr. CHIEF JUSTICE WALKER, delivered the opinion of the Court:

The evidence in this case tends to show that one of the animals in controversy broke through the bars of a field, in which he was inclosed, and got upon the road of the company. Also that other stock got upon the road at different times and places, but whether at such places, in every instance, as the road was required to fence, does not appear; but it does appear that some of the animals did get upon the road where it was not fenced, or required to be fenced, but had not been. Defendant in error asked the court to give this instruction:

" That if they believe from the evidence that the defendants' servants while operating the defendants' railroad, killed the stock in controversy, and that the stock was killed beyond the limits of any city, town or village and within five miles of a settlement, and not at a crossing of a public road or highway, and not on the road running through land where the plaintiffs had already erected fences or agreed with the company so to do, but were killed where the defendants had not fenced their railroad, and where the defendants were bound by law to fence their road; then they will find for plaintiffs and assess their damage at the value of the stock shown by the evidence to have been killed at such places by the defendants' locomotives or trains."

It is insisted, that the stock may have got upon the road at a place where the company were not bound to fence, and strayed on the road to a point where the company were bound to fence, or they may have got upon the road through fences that other persons had made and were bound to maintain, and

if so the company should only be held liable for gross negligence. The company are liable for stock killed by their trains, when they have got upon the road where the company are required, but have failed to fence; so if they have erected an insufficient fence, or failed to maintain a fence, and this without any reference to the manner in which they may have controlled their engines. It is also true, if stock enters where others are bound to erect and maintain fences, and are killed at that or another place, the company are only liable for gross negligence. But we do not see that this instruction refers to such an entry upon the road, and could not have misled the jury, and was properly given.

Plaintiffs in error asked, but the court refused to give, this instruction:

"If the stock got on the track at a point where the road was sufficiently fenced, or where the company was not bound to fence, but was killed at a point where the company was required to fence but had not done so—still they must find for the defendants, in the absence of proof of gross negligence on the part of defendants."

We can see no objection to this instruction. The design of the statute was to require and compel railroad companies to fence their tracks so as to prevent animals from getting upon them, thus affording safety and protection to the traveling public, as well as to the owners of stock; and, for a violation of that duty, they are required to pay a fine, and declared to be liable to all damages resulting from such failure. Failing to perform that duty renders them liable for damages occasioned by such an omission of duty, however careful in other respects, but we cannot say that cattle getting through a fence, and upon a road, and straying on the road until it comes to a point where the company are bound to fence, and are there killed, that the injury has any the slightest connection with a failure to fence at the place where the animal was killed. Such injury is not occasioned by a failure to fence. This instruction was, therefore, improperly refused, as the evidence tended to

show that an ox, proved to have been killed, broke through a fence and got upon the road, and was killed at another place on the road where the company were required to fence. If the jury, under this instruction, believed that the animal was thus killed, they could not have found the company liable, unless they had also found that it had been guilty of gross negligence in killing the animal.

The court below erred in not giving the seventh instruction asked by plaintiffs in error. It is perfectly obvious that a man must have a general or a special ownership in the property before he can recover for injury it has sustained. If any portion of the property belonged to other persons than plaintiffs below, or if any portion of it belonged to either of them individually, they could not recover for it. They sued for property belonging to them jointly, and can only recover for such property as they prove so belonged to them, and was injured by the company, as averred in their declaration.

For these errors, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*