## Toledo, Peoria & Warsaw Railway Company

### *v.*

## John Darst.

1. PLEADING—*of the declaration in an action against a railroad company, for killing stock.* In an action against a railroad company to recover for stock alleged to have been killed upon the company's road, it is not enough to aver in the declaration that the road was not fenced at the place where the injury occurred, it not appearing from the pleading but that the stock may have gone on the track at another place, and where the road was fenced.

2. And in averring that the road had been opened for six months, it is not sufficient if such averment relates only to the place where the injury

occurred, it not being shown but that the stock strayed upon the track at another place, and where the road had not been opened for six months before the accident occurred.

Appeal from the Circuit Court of Woodford county; the Hon. S. L. Richmond, Judge, presiding.

This was an action on the case, brought by Darst, against the Toledo, Peoria & Warsaw Railway Company, to recover damages for killing stock. The defendants interposed a demurrer to the declaration, which was overruled. The defendants abided by their demurrer, and judgment was rendered against the defendants for $90 and costs of suit. The defendants bring the record to this court on appeal, and assign for error, the ruling of the court below upon the demurrer.

Messrs. Bryan & Cochran, for the appellants.

Messrs. Johnson & Hopkins, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court:

In this case, the court overruled a demurrer to the declaration and the defendants abided by the demurrer. We are of opinion the demurrer should have been sustained. The declaration avers that the road was not fenced at the place where the injury occurred, but does not aver that it was not fenced where the steer went on the track. Everything averred in the declaration may be true, and the company still not liable, for the steer may have gone on the track at a place where the road was fenced. Counsel for appellee cite *St. Louis, Alton & T. H. R. R. Co.* v. *Linder,* 39 Ill. 433, but that case merely decides that a certain instruction, though loosely drawn, could not have misled the jury.

The first count is also defective in its averment that the road had been opened for six months. It contains no other

averment upon this point, than that the road had been opened more than six months at the place where the injury occurred. But the averment should have been in relation to the place where the cattle strayed upon the road, which may have been miles distant from the place of the injury. The entire declaration is, in other respects, very loosely and inartificially drawn.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*