## Toledo, Peoria & Warsaw Railway Co.

### *v.*

### John Darst.

1. Pleading—*declaration in an action against a railroad for injury to stock.* In an action against a railroad company for killing stock, the declaration averred that the company had failed to fence the road at the place where the animal was killed, or where it got upon the track, and that it was not killed, nor did it get upon the track, at any of the excepted places. Upon the objection, that it was not directly averred that the injury was the result of the company's failure to fence, it was *held*, the facts averred would raise a *prima facie* presumption that the injury resulted from that cause, and at least after verdict, on motion in arrest, the declaration would be held sufficient.

Appeal from the Circuit Court of Woodford county; the Hon. S. L. Richmond, Judge, presiding.

This was an action on the case, brought in the court below by John Darst against the Toledo, Peoria & Warsaw Railway Company, to recover for the alleged killing of a horse belonging to the plaintiff, by one of the company's trains.

After alleging the killing of the animal by the defendants' trains, and that the road had been open for more than six months prior to the accident, it was averred in the declaration as follows:

"And plaintiff further avers that the said defendants never have, at any time since they have so owned, run and used the

said railroad within the said county, nor since the same has been so open for use, at the place where the said animal was so injured and killed, nor where the same got upon the track or road, erected and thereafter maintained fences on the sides of their said road suitable and sufficient to prevent cattle, horses, sheep and hogs from getting on such railroad.

"And plaintiff further avers that the said horse did not get upon said railroad, and was not so hit and killed at the crossing of any public road or highway, nor within the limits of any town, city or village.

"And plaintiff further avers that at the point upon said road where the said horse was so injured and killed, and where the same got upon said railroad, fences were necessary along the sides of said road to prevent horses, cattle, sheep and hogs from getting on the track of said railroad from the lands adjoining the same.

"And plaintiff further avers that the said horse was not so struck, injured and killed, and did not get upon said railroad at any place where the said railroad runs through uninclosed lands lying at a greater distance than five miles from any settlement.

"And plaintiff further avers that said horse did not get upon said track or road, and was not so hit and killed at any point on said railroad where the proprietors of the lands through which the said railroad runs had already erected fences, or agreed with said company so to do : to-wit, at the County of Woodford aforesaid, — whereby the plaintiff has sustained damage in the sum of two hundred dollars."

The general issue was pleaded, and a trial resulted in a verdict for the plaintiff, whereupon the defendants moved in arrest of judgment, insisting the declaration was defective in not averring directly that the injury was the result of the defendant's failure to fence ; but the court overruled the motion, and rendered judgment upon the verdict. The defendants appeal.

Messrs. BRYAN & COCHRAN, for the appellants.

Mr. H. B. HOPKINS, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

In this case, as in the other between the same parties decided by us at the present term (51 Ill., 365), the appellant relies on the alleged insufficiency of the declaration. In the other the question was raised by demurrer by which the defendant abided; in this it is presented by a motion in arrest of judgment. We find, however, this declaration to be free from the objections we held fatal in the other. It is urged, however, that it is defective in not averring directly that the injury was the result of the defendant's failure to fence. But it does, in an inartificial way, aver facts which raise a *prima facie* presumption that the injury resulted from the neglect to fence, and at least after verdict the declaration in this respect must be held sufficient.

Objections are also taken to the sufficiency of the evidence, but we find it ample to support the verdict.

*Judgment affirmed.*